UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWNE SKIERA,

    Plaintiff,

v.                                   Case No.: 2:20-cv-80-FtM-38MRM

JENNIFER TIVILUK,

    Defendant.
_____/

## ORDER[1]

Before the Court on *sua sponte* review is Plaintiff Dawne Skiera's Complaint. (Doc. 1). Skiera sues Defendant Jennifer Tiviluk for damages arising from a March 2019 car crash in Downtown Naples. Skiera cites diversity jurisdiction as the basis for this Court's subject matter jurisdiction.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Here, the diversity of citizenship is uncertain because Skiera has not sufficiently pleaded her own citizenship or the amount in controversy.

Beginning with citizenship, Skiera alleges that she is a "resident of Collier County, Florida." (Doc. 1 at 1). But, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Thus, to establish citizenship, a defendant must show physical presence and an intent to remain. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Skiera alleges Tiviluk's Canadian citizenship but does not allege her own. Consequently, Skiera has not adequately pleaded diversity of citizenship.

Skiera's amount-in-controversy allegations similarly fall short. Without alleging any underlying facts supporting the amount in controversy, Skiera concludes that damages in this case exceed $75,000.00. When a plaintiff alleges indeterminate damages, the plaintiff "bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *King v. Epstein*, 167 Fed. Appx. 121, 123 (11th Cir. 2006). "A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden." *Bradley v. Kelly Services*, 224 Fed. Appx. 893, 895 (11th Cir. 2007); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (noting that mere speculation about the amount in controversy is insufficient to establish the jurisdictional minimum). Here, although Skiera alleges a litany of generic damages, she does not come close to

connecting those damages with any kind of dollar value. And it is not the Court's burden to speculate or guess at the amount in controversy. See *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752-53 (11th Cir. 2010). Thus, Skiera fails to satisfy the amount in controversy requirement.

Without diversity of citizenship or an amount in controversy greater than $75,000.00, the Court lacks subject matter jurisdiction. The Court thus dismisses the Complaint without prejudice and gives Skiera the opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

**(1)** The Complaint (Doc. 1) is **DISMISSED without prejudice.**

**(2)** Plaintiff may file an amended complaint to correct the deficiencies addressed in this Order on or before **February 24, 2019. Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record